HIGGINS, Justice.
 

 This is a rule by a divorced wife against her former husband for an increase in alimony. The defense is that the requirements of plaintiff in rule, as to necessities, has not changed; that the salary of the defendant in rule has not been increased; and that the plaintiff in rule, having accepted the $15 per month alimony awarded to her in a previous judgment, has acquiesced therein and, therefore, her demand should he rejected.
 

 There was judgment increasing the alimony from $15 to $35 per month, and the defendant has appealed.
 

 The record shows that defendant in rule is a colored mail carrier, earning $166 per month; that after considerable quarreling and fighting, he and his wife separated and he instituted a suit for a divorce, under the provisions of Act No. 31 of 1932, on the grounds that they had been living separate and apart for four years; that his wife reconvened for a separation from bed and board on the grounds of cruel treatment; that on June 11, 1934, a judgment of divorce was granted in his favor and alimony in the sum of $15 per month was .awarded to her; that neither party took an appeal; that on June 29, 1936, defendant filed a rule to have the alimony increased to the sum of $80 per month, which rule was dismissed on July 3, 1936; and that on July 7, 1936, she filed another rule to show cause why the alimony should not he increased to the sum of $35 per month.
 

 From the evidence, it appears that the plaintiff in rule is in necessitous circumstances and has no income except the $15 per month alimony; that there were two children born of the marriage; that defendant in rule paid for their support and maintenance the sum of $35 per month to the juvenile court; that when his son became of age, the alimony was discontinued as to him, hut defendant in rule continued to pay the sum of $15 per month for the daughter, who is eighteen years- of age, making the total income for the support of the mother and the daughter the sum of $30 per month; that they owe a number of hills for necessities; that, because the mother worked and lived frugally, she was able to send her daughter through high school; that she suffered an automobile accident, which affected her hearing, and she has since been unable to secure employment; that her son, who is now of age, has been out of work for more than a year, and was refused,employment with the WPA because his father was employed; and that the daughter has also sought employment in vain.
 

 It is quite clear that the two district judges, who heard the rules for alimony in behalf of the wife, concluded that she was not at fault in causing the separation, otherwise, under the law, she would not have been entitled to alimony after the husband
 
 *129
 
 secured a divorce. The learned trial judge, who awarded the increase in alimony, concluded that there had been a sufficient change in the circumstances of the parties to warrant the increase. It is undisputed that the defendant in rule’s condition has changed in that he has been relieved of the payment of $20 per month alimony for the support of his son, who is now a major. Our learned brother below, apparently, was satisfied that the mother’s ability and capacity to work had been impaired by the accident and the evidence supports this view. We are of the opinion that there was sufficient change in the condition of the parties to justify the increase in alimony. The question as to acquiescence in the judgment, therefore, passes out of the case.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s costs.